UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASEKO HOMES, INC. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH AMERICAN SPECIALTY INSURANCE COMPANY, *et al.*, <br><br> Defendants. | Civil No. 09cv1924-L(AJB) <br><br> **ORDER REMANDING ACTION TO STATE COURT** |

This insurance coverage declaratory relief action was removed from State court by Defendant North American Specialty Insurance Company ("NAS"). The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff filed a motion to remand and two of the Defendants moved to dismiss. For the reasons which follow, Plaintiff's motion to remand is **GRANTED**.

Although a number of motions are pending in this case, the court addresses the issue of subject matter jurisdiction first. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884).

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and

1       the burden of establishing the contrary rests upon the party asserting jurisdiction.

2 *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v.*

3 *The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7 28 U.S.C. §1441(a).  Consistent with the limited jurisdiction of federal courts, the removal

8 statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

9 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v.*

10 *University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988).  Original jurisdiction exists in cases of

11 diversity of citizenship.  28 U.S.C. §1332.

12       NAS removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332

13 and 1441.  Plaintiffs argue that the removal was improper under the forum defendant rule, set

14 forth in 28 U.S.C. § 1441(b).  Section 1441(b)

> imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

17 *Spencer v. U.S. Dist. Ct. N.D. Cal. (Altec Indus., Inc.)*, 393 F.3d 867, 870 (9th Cir. 2004) quoting

18 28 U.S.C. § 1441(b).  This "confines removal on the basis of diversity jurisdiction to instances

19 where no defendant is a citizen of the forum state."  *Lively v. Wild Oats Markets, Inc.*, 456 F.3d

20 933, 939 (9th Cir. 2006).

> Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court.  The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought.  Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court.

25       Plaintiffs maintain that Defendant TIG Insurance Company ("TIG") is a California

26 citizen, and therefore a forum defendant.  (Mot. to Remand at 2; *see also* Notice of Removal at 3

27 (TIG "is a corporation incorporated under the laws of the State of California").)   TIG was

28 served with process in this action on August 27, 2009, several days before NAS filed its Notice

of Removal. (Decl. of Celia Jackson, dated Oct. 1, 2009, Ex. 2.) "[T]he presence of a local defendant at the time removal is sought bars removal." *Spencer*, 393 F.3d at 870. Accordingly, the removal was improper.

Based on the foregoing, Plaintiffs' motion for remand is **GRANTED**. Their request for attorneys' fees is denied. This action is hereby **REMANDED** to Superior Court of California in and for the County of San Diego.

**IT IS SO ORDERED**.

DATED: January 22, 2010

M. James Lorenz
United States District Court Judge